Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 26 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

U.S.A. vs. GEORGE PAVAO III                         Docket No. CR 03-00546SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of GEORGE PAVAO III, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 13th day of April 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1.  That on or about 7/5/2005, the subject submitted a urine specimen which was positive for methamphetamine, in violation of the General Conditions.

2.  That on or about 6/6/2006 and 6/20/2006, the subject refused to comply with drug testing, in violation of Special Condition No. 1.

3.  That on or about 6/6/2006, the subject failed to appear for a counseling session at Drug Addiction Services of Hawaii, Inc., in violation of Special Condition No. 1.

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

4. That the subject admitted that he used methamphetamine, cocaine and marijuana on numerous occasions during the month of June 2006.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 6/26/2006

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 26th day of June, 2006, and ordered filed and made a part of the records in the above case.

                                                                           _____
                                                                           SUSAN OKI MOLLWAY
                                                                           U.S. District Judge

Re:   **PAVAO III, George**
       **Criminal No. CR 03-00546SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The subject began his term of supervised release in Hilo, Hawaii, on 4/13/2005. As a special condition of supervised release, the subject entered into substance abuse treatment and testing at Drug Addiction Services of Hawaii, Inc., (DASH) in Hilo, Hawaii.

**Violation 1 - Positive Drug Test Result for Methamphetamine:**

On 7/5/2005, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The results were forwarded to Quest Diagnostics (Quest) for confirmation testing. On 7/12/2005, Quest reported that the specimen was confirmed positive for methamphetamine. Upon being questioned, the subject admitted to this officer that he had smoked methamphetamine on or about 7/3/2005. The subject stated that on 7/3/2005, he had a heated argument with his wife over their living situation and that he was feeling stressed. He explained that residing in his sister-in-law's home had created problems with his wife and sister-in-law. The subject acknowledged that smoking methamphetamine was a mistake but noted that he had not used any illegal substances since that night. The subject further indicated that he was willing to continue with drug treatment and testing.

On 7/22/2005, the Court was notified of the subject's positive urine specimen. Based upon the recommendation of his counselor at DASH, the Court agreed to take no adverse action against the subject and allowed him to re-start the Drug Aftercare Program at DASH. Additionally, the subject was placed in the highest level of drug testing.

Between 7/5/2005 and May 2006, the subject remained in compliance with all terms and conditions of his supervised release.

**Violation No. 2 - Refusal to Comply With Drug Testing on 6/6/2006 and 6/20/2006:**

On 6/7/2006, a representative of DASH informed this officer that the subject failed to appear for drug testing and counseling on 6/6/2006. Despite several attempts, this officer was unable to contact the subject on his cellular telephone. As a result, on 6/7/2006, a letter was mailed to the subject instructing him to immediately contact the U.S. Probation Office.

The subject did not contact this officer as instructed.

On 6/19/2006, this officer contacted the subject on his cellular telephone. While speaking with the subject, this officer noted that the subject's speech was slurred and that he was having difficulty conversing. The subject was instructed to appear at DASH on 6/20/2006

Re: **PAVAO III, George**
**Criminal No. CR 03-00546SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

at 8:00 a.m. to meet with this officer and to provide a urine specimen. The subject was warned that if he failed to appear, adverse action would be taken against him. The subject indicated that he understood the instruction and would appear.

On 6/20/2006, the subject failed to appear at DASH between 8:00 a.m. and 9:00 a.m. This officer attempted to contact the subject via his cellular telephone but was unable to do so as the subject did not answer his telephone.

Later that same morning, this officer attempted to locate the subject at his residence in Mountain View, Hawaii. Although the subject was not home, a female who identified herself as Gina was present in the driveway area of the home. Gina indicated that she was a friend of the subject's and would be willing to provide him with a message. This officer left a message for the subject instructing him to appear at DASH at 8:00 a.m. on 6/21/2006 or face the initiation of revocation proceedings.

On the morning of 6/21/2006, the subject appeared at DASH. Upon being questioned about his failure to appear for drug testing on 6/6/2006 and 6/20/2006, the subject admitted that for the past 3 - 4 weeks, he had been using methamphetamine, cocaine and marijuana on a regular basis. He stated that because he was using illegal drugs, he chose to no longer comply with drug treatment and testing at DASH.

### Violation No. 3 - Failure to Appear for Substance Abuse Counseling on 6/6/2006:

As indicated under Violation No. 2, on 6/6/2006, the subject failed to appear for substance abuse counseling at DASH. Upon being questioned about his failure to appear, the subject admitted that he had been abusing illegal drugs and chose to no longer comply with drug treatment and testing at DASH.

### Violation No. 4 - Admission to Using Methamphetamine, Cocaine and Marijuana on Numerous Occasions During the Month of June 2006:

As indicated under Violation Nos. 2 and 3, on 6/21/2006, the subject appeared at DASH to meet with this officer. Upon meeting with the subject, this officer noted that the subject's speech was slurred and that he had lost weight. Upon being questioned, the subject admitted that he had been using a combination of methamphetamine, cocaine and marijuana on a regular basis for at least 3 to 4 weeks. He explained that he recently discovered that his wife was suffering from a terminal illness and that she left for California to spend time with her family. According to the subject, in order to cope with the stress, he returned to abusing illegal drugs. The subject admitted that he was "not doing well" and that he did not know if he could stop.

Re:   **PAVAO III, George**
      **Criminal No. CR 03-00546SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**


The subject provided a urine specimen which was presumptively positive for methamphetamine, cocaine and marijuana. The specimen was forwarded to Scientific Testing Laboratories for confirmation testing. The confirmation results remain outstanding.

The subject's substance abuse counselor was present and recommended that the subject immediately enter into a residential drug treatment program. The subject was reluctant, but agreed to seek entry into a residential drug treatment program. The subject was informed that because the only residential drug treatment program on the Big Island had no available bed space, he would be required to travel to Oahu to enter treatment at the Salvation Army Adult Rehabilitation Center (ARC). ARC is a 6-month-long residential drug treatment program located in Honolulu. The subject was instructed to cease his use of illegal drugs, to provide urine specimens at DASH, to remain immediately accessible thorough his cellular telephone, and to await further instructions from the Probation Office.

Later that same day, the intake coordinator at ARC was telephonically contacted. The intake coordinator confirmed that bed space was available in their 6-month residential drug treatment program. However, as a requirement for entry into their program, the subject would have to provide a drug-free urine sample upon his arrival at the ARC.

On 6/22/2006, this officer contacted the subject on his cellular telephone and informed him that the ARC program on Oahu would accept him provided he could submit a clean urine specimen upon entry. Upon being questioned, the subject admitted that he used methamphetamine and cocaine the night before and that he would not be able to submit a clean urine sample for several more days. Additionally, this officer noted that the subject's speech was slurred.

Later that same day, this officer contacted the subject's substance abuse counselor at DASH and informed him that the subject admitted he used illegal drugs the night before. The counselor opined that the subject's slurred speech is probably the result of repeatedly smoking crack cocaine. The counselor indicated that the subject may pose a risk of harm to himself and/or others because his substance abuse appears to be out of control.

Lastly, on 6/23/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine, cocaine, marijuana and opiates. Despite leaving several messages on the subject's cellular telephone, he has failed to contact this officer.

Re: **PAVAO III, George**
**Criminal No. CR 03-00546SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

### Conclusion:

The subject's inability to stop abusing methamphetamine, cocaine, and marijuana, coupled with his history of committing crimes and possessing firearms, suggest that he poses a risk of harm to the community. The subject's actions indicate that he is unable to conform his conduct to the requirements of supervised release and that his arrest is necessary to protect the community from potential harm. As a result, it is recommended that a no bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/dck

Re:  **PAVAO III, George**
     **Criminal No. CR 03-00546SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: George Pavao III
Address: Oshiro Road
Mountain View, Hawaii 96760

Docket No. CR 03-00546SOM-01

    Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (4/13/05).

    While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

    If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(2) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    4-21-05
GEORGE PAVAO III                          Date
Defendant

_____              4/21/05
MARK T. NUGENT                             Date
Senior U.S. Probation Officer