ORIGINAL

Pro ZC
(Rev 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court



for the

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 26 2007

at 1 o'clock and 45 min.
SUE BEITIA, CLERK

U.S.A. vs. GEORGE PAVAO III                                    Docket No. CR 03-00546SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of GEORGE PAVAO III, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 21st day of June 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**Remand/Resentence:** On 2/18/05, the United States Court of Appeals for the Ninth Circuit vacated and remanded the offender to the district court for the purpose of resentencing.

On 4/13/05, the Court resentenced the offender to the following: Committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served with 3 years supervised release to follow release from imprisonment with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; and 2) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall wan any other resident that the premises may be subject to search pursuant to this condition.

**Modification:** On 7/19/06, Stipulation and Order Modifying Conditions of Supervised Release was filed modifying the conditions of supervised release as follows: 1) That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter, but no more than 8 valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum drug tests shall increase to 1 valid drug test per day; and 2) That the defendant shall undergo mental health treatment at the discretion and direction of the Probation Office.

**Revocation:** On 12/14/06, supervised release was revoked for the following violations: 1) urine specimen submitted tested positive for methamphetamine; 2) refused to comply with drug testing; 3) failed to appear for substance abuse counseling; 4) admitted using methamphetamine, cocaine, and marijuana on numerous occasions; and 5) terminated from The Salvation Army Adult Rehabilitation Center. The defendant was sentenced to 9 months of imprisonment and 27 months of supervised release, with the following special conditions:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his supervised release (Judgment attached) as follows:

1. The offender's 9/4/07 urine specimen submitted as part of his substance abuse treatment regimen tested positive for methamphetamine, in violation of the Special Condition No. 1 and Standard Condition No. 7.

2. The offender refused to submit to drug testing as a part of his substance abuse treatment regimen on 9/18/07, in violation of Special Condition No. 1.

3. The offender failed to follow the Probation Officer's 9/19/07 instructions, in violation of Standard Condition No. 3.

Prob 12C  3
(Rev. 1/06 D/HI)

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓]  The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ]  Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 9/24/2007

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 24th day of September, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:  **PAVAO III, George**
     **Criminal No. CR 03-00546SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 1: Felon in Possession of Ammunition, a Class C felony. On 4/13/05, he was sentenced to time served and 3 years supervised release with the special conditions noted in the petition. His first term of supervised release began on 4/13/05. On 7/14/06, the offender appeared for a hearing on an order to show cause why supervised release should not be revoked. At this hearing, the offender admitted to all the charged violations. However, based upon the offender's acceptance into The Salvation Army Adult Rehabilitation Center (ARC) 6-month residential treatment program, the Court allowed the offender to be released to the ARC program and continued the revocation hearing to 9/11/06. On 8/21/06, a representative of ARC reported that the offender left the program without permission on 8/16/06. On 12/14/06, the Court revoked supervised release and imposed 9 months of imprisonment and 27 months of supervised release with the special conditions noted in the petition.

The offender began his second term of supervised release in Hilo, Hawaii, on 8/28/07. As a special condition of supervised release, the offender entered into substance abuse treatment and testing at the Drug Addiction Services of Hawaii, Inc. (DASH), in Hilo, Hawaii.

**<u>Violation No. 1 - Urine Specimen Submitted as Part of Substance Abuse Treatment Regimen Tested Positive for Methamphetamine on 9/4/07; Violation No. 2 - Refused to Submit to Drug Testing as Part of Substance Abuse Treatment Regimen on 9/18/07; and Violation No. 3 - Failed to Follow Probation Officer's 9/19/07 Instructions:</u>**

On 9/4/07, approximately 8 days after arriving in Hilo, the offender submitted a urine specimen at DASH as part of his substance abuse treatment regimen. The urine specimen tested presumptive positive for methamphetamine and was subsequently sent to Kroll Laboratory Specialists, Inc. (Kroll), for confirmation testing. On 9/12/07, Kroll confirmed that the 9/4/07 urine specimen was positive for methamphetamine (**Violation No. 1**). Subsequent attempts by this officer to contact the offender by telephone were unsuccessful.

On 9/18/07, DASH reported that the offender failed to report for drug testing at DASH that same date (**Violation No. 2**).

On 9/19/07, this officer telephonically contacted the offender's cellular telephone and instructed the offender to meet at DASH to discuss his situation and the latest events. The offender posed a question to the effect of, "[t]he Marshals going be there?" Taking this to mean whether the U.S. Marshals Service would be present to meet and arrest the offender at DASH, this officer answered in the negative. The offender then stated, "What up and up?" This officer took this to mean, "one on one?" To which this officer answered in the affirmative.

Re:   PAVAO III, George
      Criminal No. CR 03-00546SOM-01
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

   This officer emphasized that he just wanted to talk to the offender about recent events. The offender indicated that he was in the Mountain View area of East Hawaii, approximately 20 to 30 minutes away. The offender agreed to meet this officer at DASH at approximately 10:30 a.m. This officer proceeded to DASH and waited approximately 45 minutes. The offender did not appear and DASH personnel indicated that the offender did not show up at any time later in the day (**Violation #3**). Subsequent calls to the offender's cellular phone went unanswered, and the offender has not appeared at his reported residence.

   Consequently, the offender's inability to stop abusing methamphetamine coupled with his history of committing crimes and possessing firearms, suggest that he poses a risk of harm to the community. The offender's actions indicate that he is unable to conform his conduct to the requirements of supervised release and that his arrest is necessary to protect the community from potential harm. As a result, it is recommended that a No Bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

                              Respectfully submitted by,

                              KEVIN S. TERUYA
                              U.S. Probation Officer

Approved by:

GENE DeMELLO JR.
Supervising U.S. Probation Officer

KST/pts

Re:  **PAVAO III, George**
     **Criminal No. CR 03-00546SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

AO 245D     (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

DEC 19 2006

at 8 o'clock and 30 min. A M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**GEORGE PAVAO III**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Criminal Number:   1:03CR00546-001<br>USM Number:   95051-022<br>**Shanlyn Park Esq.**<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]   admitted guilt to violation of conditions    General Condition; Special Condition No. 1; and 18 USC 3583(g)(3)   of the term of supervision.

[ ]   was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

     The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

     It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:   **4689**

Defendant's Residence Address:
**Mountain View, HI 96771**

Defendant's Mailing Address:
**Mountain View, HI 96771**

DECEMBER 14, 2006
Date of Imposition of Sentence

_/s/_
Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

12/18/06
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| | | |
|---|---|---|
| CASE NUMBER: | 1:03CR00546-001 | Judgment - Page 2 of 5 |
| DEFENDANT: | GEORGE PAVAO III | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject's urine specimen submitted tested positive for methamphetamine | 7/5/05 |
| 2 | Subject refused to comply with drug testing | 6/6/06<br>6/20/06 |
| 3 | Subject failed to appear for substance abuse counseling | 6/6/06 |
| 4 | Subject admitted using methamphetamine, cocaine and marijuana on numerous occasions | June 2006 |
| 5 | Subject was terminated from the Salvation Army Adult Rehabilitation Center | 8/16/06 |

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 2 - Imprisonment

CASE NUMBER:    1:03CR00546-001                                    Judgment - Page 3 of 5
DEFENDANT:      GEORGE PAVAO III

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: NINE (9) MONTHS

[✓]    The court makes the following recommendations to the Bureau of Prisons:
       FDC Honolulu.

[✓]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

       Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                                            _____
                                                            UNITED STATES MARSHAL

                                                       By   _____
                                                            Deputy U.S. Marshal

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 3 - Supervised Release

CASE NUMBER:      1:03CR00546-001                                                Judgment - Page 4 of 5
DEFENDANT:        GEORGE PAVAO III

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: TWENTY SEVEN (27) months

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter up to a maximum of one valid drug test per day.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✓]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| AO 245B | (Rev. 6/05) Judgment in a Criminal Case<br>Sheet 3 - Supervised Release | |
| CASE NUMBER: | 1:03CR00546-001 | Judgment - Page 5 of 5 |
| DEFENDANT: | GEORGE PAVAO III | |

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.